IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-557-FL

| | |
|---|---|
| JAMES PLUMMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED[1]** |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| VEOLIA TRANSPORTATION ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court upon Defendant's motion to dismiss (DE-5). Plaintiff has responded to this motion (DE-8) and Defendant has filed a reply (DE-9). Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation[2] (DE-13). For the following reasons, it is HEREBY RECOMMENDED that Defendant's' motion to dismiss (DE-5) be GRANTED and that Plaintiff's fourth, fifth and seventh claims be DISMISSED.

**I. Background**

Plaintiff worked as a bus driver for Defendant for seventeen years, from 1990 to 2007. During the last seven years of his employment, Plaintiff suffered from Type II diabetes. (DE

---

[1] This filing corrects a typographical error contained on page 6 of the undersigned's May 10, 2010 memorandum and recommendation (DE-14).

[2] Portions of Defendant's motion to dismiss have already been ruled upon. Defendant's motion to dismiss Plaintiff's fourth, fifth and seventh claims has been referred to the undersigned (DE-13).

1-2, ¶ 20). Plaintiff was terminated by Defendant for alleged misconduct on August 31, 2007 (DE 1-2, ¶ 22). However, Plaintiff was reinstated on July 14, 2008 after an arbitrator found that Defendant did not have just cause to discharge Plaintiff (DE 1-2, ¶ 22). The arbitrator required that Plaintiff successfully complete all conditions of a bus operator returning from a leave of absence (DE-6, pg. 3). Defendant claims that Plaintiff did not meet these requirements, and therefore Plaintiff was discharged a second time (DE 1-2, ¶ 22). The arbitrator reinstated Plaintiff again on December 8, 2008. As before, Plaintiff was required to, *inter alia*, "report to . . .[a] drug test and physical exam" (DE 1-2, ¶¶ 23-24). Defendant alleges that Plaintiff failed to pass the required physical examination (DE-6, pg. 4-5). Therefore, Plaintiff was terminated again for failing to meet a condition of reinstatement (DE 1-2, ¶¶ 27-28). Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2009, alleging Defendant discriminated against him on the basis of disability (DE 6-3). Specifically, Plaintiff's EEOC charge states:

> I. On July 14, 2008, I was denied reinstatement to a bus driver position as, instructed by an arbitrator, because I was unable to pass the NC, DOT certification process due to my disabling condition[.] On April 6, 2009, I was again denied reinstatement/re-hire. I was employed by [Defendant] . . .from October 1990 until July 2008, as a bus driver.
>
> II. On April 2, 2009, I finally obtained a valid NC, DOT certification; which is valid for two years. Immediately I presented such to the general manager, Mr. Scott McClellan, and asked to be re-instated/re-hired. Mr. Scott McClellan told me that he did not need this information from the NC, DOT. I was not reinstated/re-hired and no reason was given to me by Mr. Scott McClellan as to why.
>
> III. I believe that I was discriminated against in violation of Title I of the Americans with Disabilities Acts [sic] of 1990, as Amended,

2

>     because of my disability/perceived.
>     (DE 6-3).

The EEOC issued Plaintiff a Dismissal and Notice of Rights letter on September 21, 2009 (DE 6-6). Plaintiff filed the instant action in Wake County Superior Court on December 18, 2009 (DE 1-2). In his Complaint, Plaintiff alleges, *inter alia*, that Defendant unlawfully terminated his employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.* ("NCEEPA")(DE 1-2, ¶¶ 31,66-80,91-96). Defendant removed Plaintiff's complaint to this Court on December 30, 2009 (DE-1).

The instant motion to dismiss was filed on February 3, 2010. In this motion, Defendant contends that Plaintiff's ADEA claims should be dismissed because they exceed the scope of the charge filed with EEOC. Likewise, Defendant argues that Plaintiff's NCEEPA claim should be dismissed because there is no private right of action for wrongful discharge under the NCEEPA.

## II. Analysis

### A. Plaintiff's ADEA claims

Defendant asserts that Plaintiff's fourth and seventh claims of relief should be dismissed because this Court lacks jurisdiction to adjudicate them.

In his fourth claim for relief, Plaintiff alleges:

>     . . .Defendant terminated Plaintiff because of his age . . .Defendant
>     committed an unlawful and discriminatory practice in violation of the

3

provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* . . . .Plaintiff is entitled to reinstatement to his job, back pay, interest on back pay, front pay, and employment benefits, including but not limited to, vacation pay, sick pay, health insurance benefits, and life insurance benefits. Plaintiff's losses are in an amount greater than $10,000.00 . . . Plaintiff is entitled to recover compensatory damages as provided by the 1964 Civil Rights Act 42 U.S.C. § 1981 (a)(l) and (b)(l) in an amount exceeding $10,000.00 as a proximate result of Defendant's conduct alleged herein . . . Defendants' conduct, as described above, was willful, malicious, oppressive, wanton, and in reckless disregard of Plaintiff's rights . . . (DE 1-2, pg. 11-11).

Similarly, in his Seventh claim for relief, Plaintiff contends:

. . .Defendant terminated Plaintiff because of his age . . .Defendant committed an unlawful and discriminatory practice in violation of the provisions of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621, *et seq.* . . . Plaintiff is entitled to reinstatement to his job, back pay, interest on back pay, front pay, and employment benefits, including but not limited to vacation pay, sick pay, health insurance benefits and life insurance benefits. Plaintiff's losses are in an amount greater than $10,000.00. . . . Defendant's contact as described herein was willful, malicious, oppressive, wanton and recklessly in disregard of Plaintiff's rights and was approved by the Defendant's management, so as to entitle Plaintiff to punitive damages under U.S.C. § 621, et seq in an amount greater than $10,000.00 . . . (DE 1-2, pg. 12-13).

Defendant asserts that this Court lacks subject-matter jurisdiction over Plaintiff's claims. When a federal court lacks subject matter jurisdiction over an action, the action must be dismissed. Arbaugh v. Y & H Corp., 546 U.S. 500, 506-07 (2006)). Further, because federal courts have limited jurisdiction, a court is to "presume that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." U.S. v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original).

4

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss for lack of jurisdiction over the subject matter. In considering a Rule 12(b)(1) motion, a court should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir.1999). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. To show that federal jurisdiction is proper, a plaintiff must affirmatively allege facts providing federal court jurisdiction in the complaint. Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied sub nom.* Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000).

In Jones v. Calvert Group, Ltd, 551 F.3d 297 (4th Cir. 2009), the Fourth Circuit stated:

> Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC. . . .
>
> . . . The charge must be in writing and verified under oath or affirmation under penalty of perjury. . . .The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. . . ."Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." . . .Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex. . . .
>
> . . .Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a . . . [ADEA] claim deprives the federal courts of subject matter jurisdiction over the claim.
> Jones, 551 F.3d at 300-301.

Plaintiff's fourth and seventh claims precisely fit the paradigm described by the Fourth Circuit in <u>Jones</u>. Namely, in his April 7, 2009 EEOC charge, Plaintiff asserts that he was discriminated against on the basis of disability. Conversely, the Plaintiff's fourth and seventh claims of relief contend that he was discriminated against on the basis of age.

To rebut the argument that this Court lacks jurisdiction over his ADEA claims, Plaintiff argues that:

> Type II diabetes and resulting complications, including high blood pressure, is an age related condition which has developed and worsened in severity after Plaintiff turned forty. There is a direct, inextricable relationship between Plaintiff's condition and his age, which Plaintiff noted in his complaint to the EEOC. His claim for age discrimination under the ADEA is thus reasonably related to the claim for disability discrimination stated in Plaintiff's initial EEOC charge, and does not exceed the scope of his EEOC charge.
> (DE-8, pg. 4).

The undersigned finds this argument unconvincing. Quite simply, there is nothing in Plaintiff's EEOC charge which would logically lead investigators to look into possible age discrimination, particularly where the charge specifically states Plaintiff was discriminated against based on disability. *See*, <u>Stalvey v. North Carolina Dept. Of Vocational Rehabilitiation</u>, 2009 WL 3068415 (M.D.N.C. September 21, 2009).

In short, Plaintiff's age discrimination claim exceeds the scope of his EEOC charge and any administrative investigation that could have reasonably been expected to follow. As such, Plaintiff has failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction of his ADEA claims.

In the alternative, Defendant also argues that Plaintiff's ADEA claims should be

6

dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," Id. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," Id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951 (quotations omitted).

The ADEA provides that "it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. §

7

623(a)(1). A plaintiff may demonstrate a claim under the ADEA by one of two methods: he may produce direct evidence of age discrimination, or he may establish a *prima facie* case of discrimination as required under the McDonnell Douglas burden shifting analysis. *See* McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Goldberg v. B. Green & Co., 836 F.2d 845, 847-48 (4th Cir. 1988); Bius v. Thompson, 2004 WL 1348221, (Slip Op. at 2)(M.D.N.C.).

Under the ordinary standard of proof, a claimant must show 1) that he was an employee covered by the Act, 2) that he suffered an unfavorable action by an employer covered by the Act, and 3) that "age was a determining factor" in the unfavorable action – e.g, "but for" the employer's discriminatory intent, the claimant would not have been subjected to the unfavorable action. Spagnuolo v. Whirlpool Corp., 641 F.2d 1109, 1112 (4th Cir.). To establish a *prima facie* case of age discrimination, a plaintiff must show: 1) he is a member of the protected class[3]; 2) that the employee was qualified for the job and met the employer's legitimate expectations; 3) that the employee was discharged despite his qualifications and performance; and 4) following his discharge, he was replaced by someone with comparable qualifications outside the protected class. Causey v. Balog, 162 F.3d 795, 802 (4th Cir.1998)

Plaintiff complaint fails to meet either of these standards. First, Plaintiff's Fourth and Seventh claims– which have been summarized, *supra*–are in large part "[t]hreadbare recitals

---

[3] The ADEA protects only individuals over the age of 40 from aged-based employment discrimination. 29 U.S.C. § 631(a).

of the elements of a cause of action, supported by mere conclusory statements" and thus fail to meet the standard established in Twombly

Regardless, in arguing that he has produced direct evidence of discrimination, Plaintiff states, "Plaintiff, who was well over forty years of age at the time of his discharge, was discharged for requiring extra time to complete his medical certification." Thus, by the terms of his own argument, Plaintiff was discharged for failing to complete a medical certification and not "but for" his age. Likewise, Plaintiff fails to establish a *prima facie* case, because–as Plaintiff concedes in his response–he has failed to allege that he was replaced by someone with comparable qualifications outside the protected class (DE-8, pg. 7).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's fourth and seventh claims be DISMISSED.

## B. Plaintiff's NCEEPA claim

Plaintiff's fifth claim for relief alleges that Defendant took adverse employment action against him in violation of the NCEEPA. (DE 1-2). The NCEEPA states in relevant part:

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.
> N.C. Gen.Stat. § 143-422.2.

North Carolina does not recognize a private cause of action under the NCEEPA. *See, e.g.*, Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000); Bratcher v. Pharmaceutical Product Development, Inc., 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008).

9

Case 5:09-cv-00557-FL   Document 15   Filed 05/17/10   Page 9 of 11

Therefore, Defendant argues that Plaintiff's fifth claim of relief should also be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

However, North Carolina does recognize a state law claim for wrongful discharge in violation of public policy, with that public policy being the NCEEPA. <u>Bratcher</u>, 545 F. Supp. 2d at 544. Nonetheless, Plaintiff's claim still fails because wrongful discharge in violation of public policy in North Carolina applies only to at-will employees. <u>Googerdy v. North Carolina Agr. and Technical State University</u>, 386 F. Supp. 2d 618, 626 (M.D.N.C. 2005)(*citing*, <u>Wagoner v. Elkin City Schs.' Bd. of Educ.</u>, 113 N.C.App. 579, 588, 440 S.E.2d 119, 125, *disc. review denied*, 336 N.C. 615, 447 S.E.2d 414 (1994) ("[T]he tort of wrongful discharge arises only in the context of employees at will.")). Plaintiff was not an at-will employee. Rather, Plaintiff's employment was governed by a collective bargaining agreement between the Amalgamated Transit Union, Local 1328, and Defendant.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's fifth claim also be DISMISSED.

### III. Conclusion

For the foregoing reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-5) be GRANTED and that Plaintiff's fourth, fifth and seventh claims be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 17th day of May, 2010.

_____
William A. Webb
U.S. Magistrate Judge