IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-557-FL

| | | |
|---|---|---|
| JAMES PLUMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VEOLIA TRANSPORTATION SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)(DE # 5).[1] On May 17, 2010, United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1) recommending that defendant's motion be granted (DE # 15). No objections to the M&R were filed. In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

Plaintiff filed this action in Wake County Superior Court on December 18, 2009, alleging that defendant unlawfully terminated his employment in violation of federal and state law. On

---

[1] Defendant attached a number of exhibits to its answer and motion to dismiss, including plaintiff's EEOC charge and documents relating to the collective bargaining agreement that governed plaintiff's employment. The exhibits are integral to and relied upon in the complaint, and their authenticity is not disputed. Because the court relies on these exhibits in deciding the motion to dismiss, the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) need not be converted to a motion for summary judgment. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

December 30, it was removed to this court. Pretrial conference was conducted on March 17, 2010. Plaintiff had originally named four defendants, but at pretrial conference plaintiff orally moved to dismiss three of the defendants and to amend the case caption to reflect the parties remaining in the case, which motions were granted. The court also granted defendant's motion to withdraw its motion to dismiss claims brought against the now-dismissed defendants.

Defendant's motion to dismiss plaintiff's fourth, fifth, and seventh claims was referred to the magistrate judge for an M&R on April 27, 2010. Also on that date, the court denied defendant's motion to bifurcate without prejudice.

## DISCUSSION

A.  Standard of Review

To assist it in making such a determination, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations," which the court may "accept, reject, or modify, in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(B), (C). Where a party objects the magistrate judge's disposition, the district court reviews *de novo* those portions of the M&R to which specific objections are filed. Id. Absent a specific and timely filed objection, the court reviews only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

A 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In this instance, the facts

2

in the complaint are alleged to be true and the plaintiff is afforded the same protections he or she would receive under a 12(b)(6) motion. Adams, 697 F.2d at 1219. A 12(b)(1) motion may also attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. Id. This type of attack is used when a court's limited jurisdiction precludes hearing a case brought by the plaintiff. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va.1996). Because the court's power to hear the case is at issue in a 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

A motion pursuant to Rule 12(b)(6) challenges the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). When deciding a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. See GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 546 (4th Cir. 2001). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

B.  Analysis

Defendant has moved to dismiss plaintiff's fourth, fifth, and seventh claims for relief. Plaintiff's fourth and seventh claims seek relief under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). Defendant contends these claims should be dismissed because the court lacks subject matter jurisdiction over them and because they fail to state a claim.

3

Defendant contends that plaintiff's fifth claim, which is brought under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 et seq. ("NCEEPA"), also fails to state a claim upon which relief may be granted.

1. Plaintff's ADEA Claims

"Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. (internal citation omitted). "Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Id. (internal citation omitted). A failure by a plaintiff to exhaust administrative remedies concerning claims under Title VII and the ADEA deprives federal courts of subject matter jurisdiction over such claims. Id. at 300-01 (internal citations omitted).

Here, plaintiff's April 7, 2009 EEOC charge states only that he was discriminated against because of his disability. He did not check the box next to "age." The EEOC charge did not allege age discrimination and did not contain information that would have led investigators to investigate such a claim. Thus plaintiff did not exhaust his administrative remedies with respect to his age discrimination claims and this court does not have jurisdiction over them. See Stalvey v. N.C. Dept. of Vocational Rehab., No. 1:08CV781, 2009 WL 3068415, at *2 (M.D.N.C. Sept. 21 2009) (dismissing plaintiff's age discrimination claim because the "EEOC charge makes no mention of age

4

or Title VII and leaves the box for age discrimination blank" and specifically alleged that plaintiff was discharged because of her disability). Accordingly, defendant's motion to dismiss plaintiff's fourth and seventh claims is granted.

Moreover, even if plaintiff had adequately raised a claim of age discrimination in his EEOC charge, his complaint fails to state a claim upon which relief may be granted. The undersigned agrees with the magistrate judge that plaintiff has not produced direct evidence of age discrimination, nor has he established a *prima facie* case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). McDonnell Douglas requires, *inter alia*, that plaintiff prove he was discharged despite his qualifications and performance and that he was replaced by someone with comparable qualifications who is outside the protected class. Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998). Plaintiff admits that he was discharged for requiring extra time to complete his medical certification, which is not age-related *per se*, and also that he has failed to allege he was replaced by someone with comparable qualifications who is outside the protected class. These deficiencies would be enough, even if this court had jurisdiction, to dismiss plaintiff's fourth and seventh claims.

2. Plaintiff's NCEEPA Claims

North Carolina does not recognize a private cause of action under the NCEEPA. See, e.g., Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). North Carolina law does, however, recognize a claim for wrongful discharge in violation of the public policy. See, e.g., Jackson v. Blue Dolphin Commc'ns, 226 F. Supp. 2d 785, 792 (W.D.N.C. 2002) (citing Amos v. Oakdale Knitting, Co., 331 N.C. 348, 353, 416 S.E.2d 166, 169 (1992)). A claim for wrongful discharge in violation of public policy is only available to at-will employees. Coman v. Thomas Mfg. Co., 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989). The proper remedy for employees whose

5

employment is governed by a contractual agreement establishing a definite term of employment is breach of contract. Googerdy v. N. C. Agric. & Technical State Univ., 386 F. Supp. 2d 618, 626 (M.D.N.C. 2005) (citing North Carolina law).

Here, plaintiff was not an at-will employee; his employment was governed by a collective bargaining agreement, which stated that the employer may hire or "discharge employees for just cause . . . ." (McLellan Aff. Ex. C at 2.) As such, the claim for wrongful discharge in violation of public policy is not available to him. See Trexler v. Norfolk S. Ry. Co., 145 N.C. App. 466, 471-72, 550 S.E.2d 540, 543 (2001) (holding union employee subject to discharge for "just and sufficient cause" pursuant to terms of collective bargaining agreement had cause of action in contract, but not for wrongful discharge). Defendant's motion to dismiss plaintiff's fifth claim is therefore granted.

## CONCLUSION

After careful review of the M&R, the relevant case law, and the pleadings and motion, the court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Accordingly, the court ADOPTS the recommendations and findings of the magistrate judge as its own to the extent consistent with this order. For the reasons stated herein, defendant's motion to dismiss (DE # 5) is GRANTED. Plaintiff's fourth, fifth, and seventh claims for relief are DISMISSED, while plaintiff's nine other claims for relief remain. The case management order entered March 18, 2010 shall continue to govern management of this case.

SO ORDERED, this 29th day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge